IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

FRANK VOTH,

        Plaintiff,

    v.

T. BLEWETT, et al.,

        Defendants.

Case No. 2:20-cv-00466-AC

ORDER

IMMERGUT, J.

Plaintiff, an adult in custody at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*.[1]  On March 20, 2020, this court issued an Order denying plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g). The court gave plaintiff 30 days to pay the civil filing fee and advised plaintiff that if he did not do so, the court would dismiss this action.  Currently before the court are plaintiff's Motion for Reconsideration of Order on Application to Proceed *In Forma Pauperis* (ECF No. 8), plaintiff's Motion for Preliminary Injunction (ECF No. 9), and plaintiff's Amended Complaint (ECF No. 10).

---

[1] Plaintiff initiated this action by filing a Complaint under the Federal Tort Claims Act in the United States District Court for the District of Columbia.  The action was transferred to this court by order of February 28, 2020.  Plaintiff subsequently filed an Amended Complaint alleging only claims under 42 U.S.C. § 1983.

1 - ORDER

Plaintiff's Amended Complaint does not allege facts establishing a plausible claim of imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (a court, in deciding whether a plaintiff may proceed IFP or is barred by § 1915(g) must review plaintiff's complaint and ascertain whether there is a "plausible allegation" to suggest plaintiff "faced 'imminent serious physical injury' at the time of filing") (quoting 28 U.S.C. § 1915(g)).  While plaintiff references past injuries in his Amended Complaint, the court can find no clear facts that would suggest that he *currently* faces an imminent danger of serious physical injury.  Instead, the Amended Complaint focuses on disciplinary proceedings instituted against him and allegations of verbal harassment.  Accordingly, plaintiff is barred from proceed *in forma pauperis* under § 1915(g), and his motion for reconsideration of the order denying *in forma pauperis* status must be denied.

## CONCLUSION

For these reasons, the court DENIES plaintiff's Motion for Reconsideration (ECF No. 8) of the Order denying his Application to Proceed *In Forma Pauperis*.  Because plaintiff did not pay the filing fee as previously ordered, the court DISMISSES this action, without prejudice to plaintiff's right to bring a new action with payment of the civil filing fee.  The court DENIES plaintiff's Motion for Preliminary Injunction (ECF NO. 9) as moot.

IT IS SO ORDERED.

DATED this 27th day of May, 2020.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge

2 - ORDER